ROGERS, Circuit Judge,
concurring in part:
In United States v. Henry, 557 F.3d 642, 646 (D.C.Cir.2009), the court held with regard to the enhancement of a sentence for obstruction of justice pursuant to U.S.S.G. § 3C1.1, that:
[Although a court ordinarily may rely on the willing commission of conduct that, objectively viewed, tends to obstruct justice, such-an objective standard serves only as a proxy of the actual subjective intent required by the Guideline. Where conduct is directly and inherently obstructive, the court may infer an intent to obstruct justice. But where the .evidence shows such a proxy is not reliable and the defendant did not have the required intent, an enhancement is not warranted.
The court thus adhered to the longstanding holding of United States v. Monroe, 990 F.2d 1370 (D.C.Cir.1993), that the word “willful” in U.S.S.G. § 3C1.1 ‘“requires that the defendant consciously act with the purpose of obstructing justice.’ ” Id. at 1376 (quoting United States v. Thompson, 962 F.2d 1069, 1071 (D.C.Cir.1992)). In Henry, this court held that there was no need for a separate finding of intent to obstruct justice when a defendant engaged in conduct that is inherently obstructive — “that is, behavior that a rational person would expect to obstruct justice,” 557 F.3d at 646 — at least where “no evidence is proffered to show non-obstructive intent,” id. at 647.
Today the court holds that Reeves willfully obstructed justice in either of two ways. First, his failure to appear for his arraignment was conduct that is inherently obstructive; the conduct demonstrates willful obstruction in the absence of any showing by Reeves of non-obstructive intent. Op. at 23-24. In the alternative, Reeves possessed knowledge of the arraignment and failed to attend, thus meeting the Monroe standard that a defendant be aware of a court requirement and consciously act to ignore it. Op. at 24. But, as this court recognized in Henry, 557 F.3d at 646, Monroe requires more. Reeves must not simply ignore the court’s mandate, he must act “with the purpose of obstructing justice,” Monroe, 990 F.2d at 1376 (internal quotation omitted).
There is no evidence of Reeves’ obstructive intent other than the inference to be drawn from his inherently obstructive conduct. Yet, for its alternative holding, the court expressly disclaims reliance on the inherently obstructive conduct. See Op. 24. That alternative holding appears to find willful obstruction from knowledge alone, yet in Henry this court reiterated what Monroe made clear: “although this [court’s precedent] has sometimes been interpreted as a signal that the specific intent to obstruct justice is not necessary under § 3C1.1 ... such an interpretation is in tension with the Guidelines” and the requirement that “‘the defendant consciously act with the purpose of obstructing justice.’” Henry, 557 F.3d at 647 (quoting Monroe, 990 F.2d at 1376). While that willfulness may be inferred from inherently obstructive conduct in the absence of non-obstructive intent, see id., knowledge alone cannot provide the basis for a determination of the intention to “willfully obstruct” justice. Otherwise, without the inference of inherently obstructive conduct, every failure to appear *28 for a known court appointment would nonetheless constitute an obstruction of justice under § 3C1.1, contrary to the requirements of that Guideline. See Henry, 557 F.3d at 647. Accordingly, I do not join the court’s alternative holding, which, in any event, is dictum unnecessary to resolve this appeal.